**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>          -v-<br><br>VANCE FINANCE AND HOLDING CORP., *et al.*,<br><br>                      Defendants. | No. 24 Civ. 6846 (ER)<br><br>~~[Proposed]~~ **Rule 502(d) Order** |

1. Inadvertent disclosure of information or documents subject to a claim of privilege or work product protection shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, as modified by paragraphs 2 and 3 below.

2. The production or disclosure of any information (including documents) in this action that a party or non-party later claims should not have been produced due to a privilege or protection from discovery—including, but not limited to, any attorney client privilege, settlement negotiation privilege, work product protection, deliberative process privilege, or confidential information under 26 U.S.C. § 6103[1]—shall not constitute a waiver of, or estoppel as to, any such privilege or protection, regardless of whether reasonable steps were taken to prevent such inadvertent disclosure. A producing party[2] may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return, and the timeliness of such a request will be governed by the later of Federal Rule of Evidence 502(b) or 14 days from

---

[1] The listing of these privileges is not intended to limit any applicable privilege and is without prejudice to any party's argument that such privilege is not applicable or should not be recognized, either in general or as applied to specific documents in this case.

[2] The use of "party" in this order refers to the parties to this action as well as non-parties that produce records for use in this action, such as in response to subpoenas or other legal process.

the actual discovery.  If a party receives information that it thinks may be subject to privilege or protection from discovery, the receiving party shall promptly identify the information to the producing party.

3.   When a producing party or receiving party identifies privileged or protected information that was inadvertently disclosed, the receiving party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom the party disclosed the information; (3) shall, within five business days of the producing party's request, return to the producing party or destroy the information and destroy all copies thereof; and (4) shall confirm to the producing party the destruction of all copies of the information not returned to the producing party.  No party shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived.  Within thirty days after a producing party or receiving party identifies the information, and not after that time period has elapsed, the receiving party may file a motion to compel the production of the inadvertently disclosed information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or protection has been waived by some act other than the inadvertent disclosure of the information in the action. The producing party and the receiving party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

SO ORDERED.

Dated: New York, New York  
      August 20 2025

_____  
HON. EDGARDO RAMOS  
U.S. DISTRICT JUDGE

2